■ JoAnn Cerasani, Respondent, v Constance Noelle, Appellant. — Appeal from a judgment of the Supreme Court in favor of plaintiff, entered June 15, 1981 in Ulster County, upon a verdict rendered at Trial Term (Miner, J.). This action to recover damages for personal injury arose out of a two-vehicle collision which occurred on July 10, 1978 at the intersection of Route 299 and Yankee Folly Road in the Town of Gardner, Ulster County. Plaintiff testified that she was traveling westerly on Route 299 when she stopped at the intersection with Yankee Folly Road in order to turn left onto Yankee Folly Road. She testified that she was not moving and that she was in the proper lane when a flash occurred and the next thing she remembered was a police officer talking to her. It is conceded that plaintiff's vehicle was in fact struck by defendant's vehicle. Defendant testified that she was traveling easterly on Route 299 at about 55 miles per hour when she observed plaintiff's vehicle stopped in the westbound lane of Route 299 at the intersection with Yankee Folly Road. She stated that she was about 200 feet from the intersection when she first observed plaintiff's vehicle. She further testified that when she was about 30 feet from plaintiff's vehicle it began to turn across the eastbound lane in which she was traveling and that she jammed on her brakes and swerved to the right, but was unable to avoid a collision. The jury returned a verdict finding both parties negligent and apportioned the responsibility for plaintiff's damages at 50% for each party. Plaintiff's damages, found by the jury to amount to $32,500, were reduced accordingly. This appeal ensued. Initially, we see no basis for disturbing the trial court's denial of defendant's motions for a directed verdict and to set aside the verdict. The evidence presented questions of fact on the issue of liability for the jury to resolve and its determination has adequate support in the record. On the issue of damages, however, the trial court erred in charging the jury that it could award damages for permanent injuries. The only expert to testify was the oral surgeon who treated plaintiff for a broken jaw, and his testimony indicated that plaintiff's jaw had responded to the treatment and had healed properly. Indeed, plaintiff made no claim at trial that her jaw was causing her any problems. Rather, plaintiff testified that she was suffering from continuing headaches and neck pain. There is, however, no medical testimony connecting these injuries to the accident. Nor is there any evidence that these injuries are permanent. Under these circumstances, we conclude that the trial court erred in charging that the jury could include in its award an amount for permanent injuries (see, generally, Ann., 18 ALR3d 170) and, accordingly, there must be a new trial limited to the issue of damages. Judgment reversed, on the law, without costs,

and new trial ordered limited to the issue of plaintiff's damages. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur. ·